UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVION LOUIS,<br><br>                Plaintiff,<br><br>   v.<br><br>TPG FUNDING, LLC, *et al.*,<br><br>                Defendants. | Case No. 2:24-cv-01941-FLA (Ex)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE TRANSFERRED** |

1

On March 11, 2024, Plaintiff Davion Louis ("Plaintiff") filed his Complaint in this action, asserting claims against Defendant TPG Funding, LLC. Dkt. 1. On April 3, 2024, Plaintiff filed a First Amended Complaint ("FAC"), asserting claims against Defendants TPG Funding, LLC and TPG Inc. (collectively, "Defendants") for (1): breach of contract; (2) waiting time penalties; and (3) declaratory relief. Dkt. 12 ("FAC"). Plaintiff alleges he is a resident of New Jersey and that Defendants are Delaware corporations with their principal places of business in Fort Worth, Texas. *Id.* ¶¶ 1–3. According to Plaintiff, he was employed by Defendants in their offices in San Francisco, California, from on or about August 3, 2020, until on or about November 18, 2022. *Id.* ¶ 8.

28 U.S.C. § 1404(a) ("§ 1404(a)") provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "Under § 1404(a), the district court has discretion 'to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks omitted)). In making this determination, courts consider non-exclusive factors including:

> (1) the location where [any] relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id*. at 498–99, *cited in e.g.*, *Gay v. Shaffer*, 831 Fed. App'x 352, 353 (9th Cir. 2020). Additional factors commonly considered include: (1) the convenience of the parties and witnesses, (2) the feasibility of consolidation with other claims, (3) any local

interest in the controversy, and (4) the relative court congestion and time to trial in each forum. *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009).

Plaintiff does not plead any facts to establish that this district has any connection to the claims pleaded. *See* FAC. Accordingly, the court ORDERS the parties to Show Cause ("OSC") in writing by April 23, 2024, why this action should not be transferred pursuant to 28 U.S.C. § 1404(a) to the Northern District of California, the District of New Jersey, the District of Delaware, or the Northern District of Texas.

IT IS SO ORDERED.

Dated: April 9, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge